GEORGE S. WILSON AND JAMES G. WILSON, APPELLANTS, VS. MONTGOMERY L. BROWARD, ADMINISTRATOR OF ESTATE OF CHARLES BROWARD, DECEASED, APPELLEE.

The third section of "an act to provide for the payment *pro rata* of the debts of insolvent estates," approved January 8, 1853, does not expressly prohibit suit against the executor or administrator of an insolvent estate, upon "unauthenticated or admitted claims," and such claims may be established by suit, the judgment thereon to be enforced or collected in the manner provided in that act for the collection of other claims against the estate.

This action was in assumpsit upon certain orders, notes, and other evidences of indebtedness of the said Charles Broward, in his life-time, given to the plaintiffs, and to the persons from whom the said plaintiffs acquired title. It was brought in the month of June, 1875, against Montgomery L. Broward, the administrator of the estate of the said Charles Broward, deceased. The appearance of the defendant was entered, and at the rule day in August his plea was filed as follows: " The defendant, by A. Doggett, his attorney, says that the said estate whereof he is administrator is insolvent, and that as administrator he has filed a written suggestion of such insolvency, in the office of the Judge of the County Court, for the county of Duval, pursuant to the statute of the State of Florida in such case made and provided."

To this plea the plaintiffs, by their attorney, H. Bisbee, Jr., filed a general demurrer.

On the hearing of the case on 18th November, 1875, the court overruled the demurrer, dismissed the cause, and gave judgment for defendant. From this judgment plaintiffs appeal.

*H. Bisbee* for Appellants.

No counsel for Appellee.

VAN VALKENBURGH, J., delivered the opinion of the court.

The only question presented for consideration by the record in this case is, can a party prosecute to judgment an " unauthenticated or admitted claim " against an intestate's estate, after a suggestion of the insolvency of such estate has been filed by the administrator, in pursuance of the statute approved January 8, 1853.

The rule is well settled with respect to personal claims founded upon any contract, covenant or debt, that the right of action upon which a testator or intestate might have

been sued in his life-time, survives his death, and that the same can be enforced against his executor or administrator. In 1828, the Legislature of this State passed an act by which it was provided that "no executor or administrator shall be compelled to pay the debts of the testator or intestate until after the expiration of six months from the taking out letters testamentary or letters of administration; and, if any person shall bring any action against any executor or administrator within the aforesaid six months, the plaintiff, although he may obtain judgment for the amount of his demand, shall not recover any costs in his suit, nor have execution on his judgment until after the expiration of the said six months." (Thomp. Dig. 205.) The right of the party by this section to bring the action against the executor or administrator is in no way affected; it is as perfect as before the passage of the act, but if it is brought within the six months from the taking out the letters testamentary or of administration, no costs follow the judgment if in favor of the plaintiff, and the issue of the execution is stayed until the expiration of such six months.

In 1853, the Legislature passed an act entitled "an act to provide for the payment *pro rata* of the debts of insolvent estates," the third section of which reads as follows: "Be it further enacted, That in all cases where the claims against said estate are denied or contested by such executor or administrator, it may be lawful for such claimant to prosecute a suit at law, or in equity, for the establishment of the same as if this act had not been passed; *Provided*, That upon the rendition of a judgment or decree for said claims, the same shall be filed with the said Judge of Probate for *pro rata* payment, as other claims are required to be filed; but unauthenticated or admitted claims against said estate shall not be otherwise sued or enforced than as provided for in this act." Under this statute, approved January 8, 1853, the defendant pleads the insolvency of the estate of his intestate, and alleges that he has filed a written suggestion of

such insolvency in the office of the Judge of Probate of Duval county, that being the county in which letters of administration were granted.

The object of the Legislature in this enactment (as it appears not only from the enacting clause but also from the reading of the whole act itself) seems to have been to secure to the creditors of an insolvent estate a *pro rata* distribution thereof, and to prevent judgment or otherwise preferred creditors, through actions brought subsequent to the death of the intestate, from enforcing or receiving more than their *pro rata* share, and while it affirmatively authorizes the owners of " denied or contested " claims to " prosecute a suit at law or in equity for the establishment of the same," it nowhere, by direct negative terms or language, prohibits actions upon those which were not contested. The right of a party to prosecute his claim, when due, to judgment is secured by law, and to deprive him of this right the statute should be clear and in its meaning unmistakable.

The language of the proviso contained in the section of the statute above referred to must be construed to mean that unauthenticated or admitted claims against said estate may be sued and enforced in same manner as provided for those claims that are denied or contested. " That upon the rendition of a judgment or decree for said claims, the same shall be filed with said Judge of Probate for *pro rata* payment." The common law and statutory right of a party to prosecute his claim to judgment, whether the same was admitted or contested, was not intended to be changed by this act.

The judgment of the Circuit Court must be reversed.